IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| WILLIAM A. EDWARDS, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| V. | § | No. 3:13-cv-867-K-BN |
| | § | |
| CITY OF DALLAS, ET AL., | § | |
| | § | |
| Defendants. | § | |

**FINDINGS, CONCLUSIONS, AND RECOMMENDATION OF THE
UNITED STATES MAGISTRATE JUDGE**

This case has been referred to the undersigned United States magistrate judge for pretrial management pursuant to 28 U.S.C. § 636(b) and an order of reference from the District Court. The undersigned magistrate judge issues the following findings of fact, conclusions of law, and recommendation.

**Background**

William A. Edwards, proceeding *pro se*, brings this civil rights action pursuant to 42 U.S.C. § 1983, alleging that the City of Dallas, the Dallas Police Department, and unnamed Dallas Police officers are responsible for numerous instances of false arrest and imprisonment since January 1993. On February 25, 2013, Plaintiff tendered a complaint to the district clerk and filed an application to proceed *in forma pauperis*. *See* Dkt. Nos. 3 & 5. Because the information provided by Plaintiff in his pauper's affidavit indicates that he lacks the funds necessary to prosecute this case, the Court granted leave to proceed *in forma pauperis* and allowed the complaint to be filed. *See*

Dkt. No. 13. Written interrogatories then were sent to Plaintiff in order to obtain additional information about the factual basis of this suit. *See* Dkt. No. 7. Plaintiff answered the interrogatories on May 21, 2013. *See* Dkt. No. 12. Because the Court needed additional information about the official policy or practice that Plaintiff claims led to a violation of his rights, and because Plaintiff's complaint and first interrogatory responses were unclear about the dates on which his rights were violated, the Court sent a second questionnaire. *See* Dkt. No. 14. Plaintiff answered the second interrogatories on June 28, 2013. *See* Dkt. No. 15.

In his complaint and interrogatory responses, Plaintiff generally accuses the City of Dallas and the Dallas Police Department of neglecting to ensure that proper identification is required when Dallas Police officers write traffic tickets. *See* Dkt. No. 3 at 1-2; Dkt. No. 12 at Question 2; Dkt No. 15 at Question 1. Because of this failure, Plaintiff has repeatedly been arrested and jailed due to warrants issued for other individuals. *See* Dkt. No. 3 at 1-2; Dkt. No. 12 at Question No. 1; Dkt. No. 15 at Question 1. Plaintiff further alleges that the warrants have also resulted in the unfair assessment of fees, loss of job opportunities, harassment from collection agencies, and the suspension of Plaintiff's driver's license. *See* Dkt. No. 3 at 2; Dkt. No. 12 at Questions 1 & 6. By this lawsuit, Plaintiff seeks $10,000,000 in damages. *See* Dkt. No. 12 at Question 2.[1]

---

[1]    It does not appear that Plaintiff requests any injunctive relief, as Plaintiff indicates that his filing of this lawsuit has resulted in the dismissal of all remaining tickets in his name. *See* Dkt. No. 12 at Question 1.

The undersigned now concludes that Plaintiff's claims should be summarily dismissed pursuant to 28 U.S.C. § 1915(e)(2).

## Legal standards

A district court may summarily dismiss a complaint filed *in forma pauperis* if it concludes that the action:

(i)     is frivolous or malicious;

(ii)    fails to state a claim on which relief may be granted; or

(iii)   seeks monetary relief against a defendant who is immune from such relief.

28 U.S.C. § 1915(e)(2)(B). To state a claim upon which relief may be granted, Plaintiff must plead "enough facts to state a claim to relief that is plausible on its face," *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007), and must plead those facts with enough specificity "to raise a right to relief above the speculative level," *id.* at 555. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). "The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully." *Id.* "A claim for relief is implausible on its face when 'the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct.'" *Harold H. Huggins Realty, Inc. v. FNC, Inc.*, 634 F.3d 787, 796 (5th Cir. 2011) (quoting *Iqbal*, 556 U.S. at 679). The court must "accept all well-pleaded facts as true, viewing them in the light most favorable to" Plaintiff. *In re*

*Katrina Canal Breaches Litig.*, 495 F.3d 191, 205-06 (5th Cir. 2007).

While, under Fed. R. Civ. P. 8(a)(2), a complaint need not contain detailed factual allegations, Plaintiff must allege more than labels and conclusions, and, while a court must accept all of Plaintiff's allegations as true, it is "'not bound to accept as true a legal conclusion couched as a factual allegation.'" *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 555). A threadbare or formulaic recitation of the elements of a cause of action, supported by mere conclusory statements, will not suffice. *See id.*

In Texas, a civil rights action brought under 42 U.S.C. § 1983 is governed by a two-year statute of limitations. *See Ali v. Higgs,* 892 F.2d 438, 439 (5th Cir. 1990). The limitations period begins to run "the moment the plaintiff knows or has reason to know of the injury that is the basis of his complaint." *Helton v. Clements,* 832 F.2d 332, 334-35 (5th Cir. 1987). A court may summarily dismiss a complaint filed *in forma pauperis* if it is clear that claims asserted are barred by limitations. *See Gartrell v. Gaylor,* 981 F.2d 254, 256 (5th Cir. 1993).

## Analysis

In his complaint and interrogatory answers, Plaintiff alleges that he has been wrongfully arrested and jailed numerous times since January 25, 1993. *See* Dkt. No. 12 at Question 1. Although he does not specify the dates on which Defendants acted or provide any other facts regarding the vast majority of these instances of wrongdoing, it is clear from the pleadings that Plaintiff's claims are time-barred.

Plaintiff's claims are based on allegations of instances of false arrest and imprisonment, and Plaintiff explains that "[t]he last time I went to jail on a Dallas

warrant was at DFW Airport on the southbound service rd by the airport police." Dkt. No. 12 at Question 1. He indicates that the arrest took place on May 15, 2010 and May 16, 2010. *See id.*[2] When asked whether he had been arrested or detained in violation of his constitutional rights since May of 2010, Plaintiff provided a lengthy response and attached a police report that appears to indicate that the last alleged constitutional violation occurred no later than May 15, 2010. *See* Dkt. No. 15 at Question 2.

Based on Plaintiff's complaint and interrogatory responses, the only conduct alleged in this lawsuit occurred between 1993 and 2010. Accordingly, Plaintiff's civil rights claims are time-barred and should be summarily dismissed. *See Gartrell*, 981 F.2d at 256.

## Recommendation

The Court should summarily dismiss Plaintiff's lawsuit pursuant to 28 U.S.C. § 1915(e)(2).

A copy of these findings, conclusions, and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of these findings, conclusions, and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and

---

[2]     The only allegation more recent than May 2010 relates to the 2011 suspension of Plaintiff's license by the State of Texas. *See* Dkt. No. 12 at Question 1. However, the State of Texas is not a defendant in this lawsuit. *See* Dkt. No. 12 at Question 3.

specify the place in the magistrate judge's findings, conclusions, and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Services Auto. Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).

DATED: July 5, 2013

_____
DAVID L. HORAN
UNITED STATES MAGISTRATE JUDGE